UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GARY MATTHEW SHAVER,<br><br>                 Plaintiff,<br><br>vs.<br><br>JASON MILLS, Unit Coordinator at South Dakota State Penitentiary in his individual and official capacities; NYREEN, Unit Manager at South Dakota State Penitentiary in his individual and official capacities; TERESA BITTINGER, Warden at South Dakota State Penitentiary in her individual and official capacities; KELLIE WASKO, Secretary of correction in her individual and official capacities; BRENT FLUKE, Deputy Secretary of corrections in his individual and official capacities; RICK JOHNSTON, Associate Warden in his individual and official capacities; and UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES,<br><br>                 Defendants. | 4:23-CV-04204-KES<br><br>ORDER ON PLAINTIFF'S PENDING MOTIONS |

      Plaintiff, Gary Matthew Shaver, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Shaver's motion for leave to proceed in forma pauperis and screened his complaint. Docket 16. Shaver's failure-to-protect claim against Unit Coordinator Mills and Unit Manager

Nyreen arising out of a May 13, 2023 incident during which Shaver's cellmate assaulted him with a padlock survived screening. *Id.* at 3–5, 12–14, 18.

Shaver's complaint, when liberally construed, alleged a First Amendment retaliation claim and a First Amendment right to send and receive mail claim against Mills, but Shaver did not request any damages under the First Amendment claims. *Id.* at 14–16. The court gave Shaver thirty days to file an amended complaint. *Id.* at 14–15, 18. The court granted Shaver's motion for leave to amend his complaint (Docket 20) and directed the Clerk of Court to file Shaver's amended complaint. Docket 26 at 2–3. Shaver's amended complaint names four additional defendants[1] and provides additional details to support the failure-to-protect allegations in the original complaint. Docket 27. But the amended complaint still does not request damages under the First Amendment claims. *Id.* ¶¶ 33–39. Defendants have responded to Shaver's amended complaint (Dockets 35, 36), and the court has entered a Scheduling Order (Docket 48).

---

[1] Kellie Wasko, Secretary of Corrections, in her individual and official capacity; Brent Fluke, Deputy Secretary of Corrections, in his individual and official capacity; Rick Johnston, Associate Warden at the South Dakota State Penitentiary (SDSP), in his individual and official capacity; and Teresa Bittinger, Warden at the SDSP, in her individual and official capacity. Docket 20 ¶¶ 6–10. Bittinger is no longer the Warden at the SDSP. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Because Shaver is no longer incarcerated at the SDSP, *see* Docket 49 at 4, his claims for injunctive relief against Bittinger are moot. Thus, it would be futile to substitute Bittinger's successor on the official capacity claims.

Shaver has filed a motion for court intervention and to make the court aware of facts (Docket 37); a letter alleging that he was assaulted by a different inmate on July 14, 2024 (Docket 38); a twenty-seven page untitled pleading in narrative form, which includes a 138-page attachment, explaining "the overall effect and attitude, behavior, responsibility, lack of effort and over all actions of the South Dakota State Penitentiary; Department of Corrections[,]" (Docket 42); and a motion to join parties and to amend or supplement the pleadings (Docket 51). Shaver requests a waiver of all costs of "photo copies and medical Records concerning [his] Case[.]" Docket 44. Finally, Shaver moves for appointment of counsel. Dockets 37, 46, 47, 49.

I.  **Motion for Court Intervention and to Make the Court Aware of Facts (Docket 37)**

In his motion for court intervention and to make the court aware of facts, Docket 37, Shaver requests that the court (1) order Fluke and Wasko to make available a complete list of all attorneys licensed to practice in South Dakota, (2) order that Fluke and Wasko require all correctional officers to wear body cameras while on duty, (3) appoint counsel because the South Dakota Department of Corrections (DOC) will not make an attorney listing available, and (4) order Fluke and Wasko to activate an electronic grievance application on tablets provided to all DOC inmates. *Id.* ¶¶ 10–13.

The court liberally construes Shaver's motion as a motion for preliminary injunctive relief. A preliminary injunction is an "extraordinary and drastic remedy[.]" *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008) (citation omitted). Shaver, the party seeking preliminary relief, bears the burden of establishing

3

the elements necessary for relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Whether a preliminary injunction should issue is decided by weighing the four *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). In a prison setting, a request for a preliminary injunction "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

The purpose of preliminary relief, such as a temporary restraining order or preliminary injunction, is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the complaint. *Dataphase*, 640 F.2d at 113 n.5 (citation omitted). A plaintiff seeking injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). "It is inappropriate to grant a preliminary injunction for matters 'lying wholly outside the issues in the suit.' " *Brakeall v. Stanwick-Klemik*, 4:17-CV-04101-LLP, 2019 WL 3807272, at *1 (D.S.D. Aug. 13, 2019) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). In *Devose*, the Eighth Circuit affirmed

4

the denial of a motion for a preliminary injunction requesting relief for alleged retaliatory conduct that was unrelated to the underlying § 1983 claim of inadequate medical treatment. 42 F.3d at 471. The Eighth Circuit reasoned that it was "self-evident that Devose's motion for temporary relief [had] nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit." *Id.*

Only Shaver's Eighth Amendment failure-to-protect claim survived screening. Docket 16 at 18. Neither the complaint nor the amended complaint alleges a First Amendment access-to-the-courts claim. *See generally* Dockets 1, 27. Thus, the court cannot order preliminary injunctive relief to remedy an alleged denial of access to the courts. Further, even if Shaver's requested injunctive relief were related to his underlying § 1983 claim, he has not established that he is likely to succeed on the merits of a claim alleging denial of access to the courts.

"The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). "To assert a successful claim for denial of meaningful access to the courts, however, an inmate must demonstrate that he suffered prejudice." *Berdella v. Delo*, 972 F.2d 204, 210 (8th Cir. 1992); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that to succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions).

Shaver claims that Correctional Officer Stoveck threw away the phone books and almost all the law books that were available to inmates. Docket 37

5

¶ 7. Although Shaver alleges that he was not allowed to access phone books or legal books, he has not alleged that he suffered an actual injury because of Stoveck's actions. *See generally id.* Shaver requests "to add new defendants who have violated plaintiffs Eight, and fourteenth amendment rights[,]" but he only identifies one new defendant, Stoveck. *Id.* at 1 (spelling and grammar errors in original). Even if the court construes Shaver's motion as a motion for leave to amend his complaint to assert a First Amendment access-to-the-courts claim against Stoveck, the proposed amendment is futile. *See White*, 494 F.3d at 680 (holding that a prisoner alleging denial of access to the courts must establish an actual injury). Because Shaver does not allege Stoveck's actions caused injury, he cannot assert a First Amendment claim arising from these actions. *See Savage v. Fastnacht*, 317 F. App'x 570, 571 (8th Cir. 2009) (per curiam) (holding that district court did not abuse its discretion in denying a motion to amend if the proposed amendment is futile).

Shaver's request for an order requiring Fluke and Wasko to make available a complete list of all attorneys licensed to practice in South Dakota relates to an order the court entered in an unrelated case in which Shaver is not a party. By order dated July 5, 2024, the court granted David Counts's motion requesting that the South Dakota Department of Corrections supply an attorney list and directed Fluke and Wasko "to make available at the law library at the SDSP in either hard copy or electronic form on the legal computers a listing from the South Dakota State Bar of the *active* members of the South Dakota state bar along with their contact information." *Counts v.*

*Wasko*, 4:23-CV-04103-KES, 2024 WL 3315653, at *4, Docket 220 at 12, 22 (D.S.D. July 5, 2024). The order does not specifically grant relief to any party other than Counts and does not provide that it may be enforced by a nonparty.[2] Thus, Shaver does not have standing to enforce the order. *See* Fed. R. Civ. P. 71; *Santore v. Cuomo*, 2020 WL 9810016, at *2 (N.D.N.Y. Aug. 14, 2020). Finally, the court has no reason to believe that Fluke and Wasko have not complied with the court's order directing them to make a listing of active attorneys available to DOC inmates. *Counts*, 4:23-CV-04103-KES, Docket 308. For these reasons, Shaver's request for an order requiring Fluke and Wasko to make available a complete list of all attorneys licensed to practice in South Dakota is denied.

Shaver "believes for his safety, and the staff safety, it is very important that the court issue an order requiring all staff and corrections officers to wear . . . body cameras while on duty." Docket 37 ¶ 9. Shaver's belief that it would be beneficial to have correctional officers wear body cameras is not a basis to enter a preliminary injunction requiring that they do so. *See Brand v. Jeffreys*, 2022 WL 3153994, at *3 (S.D. Ill. Aug. 8, 2022) (holding that an order requiring all correctional officers to wear body cameras would "run afoul of restrictions on prison-related injunctions in the Prison Litigation Reform Act"); *see also* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief must be narrowly

---

[2] Because the formatting of Shaver's motion for court intervention and to make the court aware of facts, Docket 37, is substantially similar to formatting of pleadings Counts has filed in his own case, it is likely that Counts drafted or assisted Shaver in drafting his motion.

drawn, extend no further than necessary . . . , and be the least intrusive means necessary to correct th[e] harm."). Shaver does not allege and cites no authority that the failure to wear body cameras alone violates the Eighth Amendment. Docket 37 ¶ 9. One court has recognized that "[t]here is no requirement in the Eighth Amendment that a jail have, or maintain, specific security measures. Instead, [plaintiff] must show that there is a genuine issue of fact as to whether the lack of security cameras posed a substantial risk of serious harm to the inmates and that the defendants were deliberately indifferent to that risk." *Spears v. Hernandez*, 2010 WL 964211, at *18 (W.D. Ark. Feb. 20, 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)), *R & R adopted by* 2010 WL 964236 (W.D. Ark. Mar 16, 2010). *See also Little v. Sullivan*, 2019 WL 2491663, at *1 (S.D. Ill. June 14, 2019) (noting that lack of cameras must amount to deliberate indifference to state an Eighth Amendment claim); *Bruno v. Annucci*, 2023 WL 2601947, at *7 (W.D.N.Y. Mar. 22, 2023) (stating that allowing staff hostage team members to search the prison without body cameras did not alone suggest deliberate indifference to a risk). Thus, Shaver's request for an order directing Fluke and Wasko to require all correctional officers to wear body cameras while on duty is denied.

Shaver's request that the court order Fluke and Wasko to activate an electronic grievance application on tablets provided to all DOC inmates is unrelated to his Eighth Amendment failure-to-protect claim. But even if it were related, neither Eighth Circuit precedent nor the PLRA permit the court to direct the DOC as to how it should administer and operate its grievance

process. *See Goff*, 60 F.3d at 520; 18 U.S.C. § 3636(a)(2). Shaver's request that the court mandate Fluke and Wasko to replace paper grievances with electronic grievances is denied.

II.     **Motions to Amend and/or Supplement the Complaint (Dockets 38, 42, 51)**

Shaver has filed documents that could be liberally construed as motions to amend or supplement his amended complaint. Dockets 38, 42, 51. Defendants oppose Shaver's requests to amend or supplement his complaint. Dockets 39, 45, 53. Amended pleadings "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading." 6A Charles A. Wright et al., Federal Practice And Procedure § 1504 (3d ed.). Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Id.*

Shaver repeats allegations against correctional officers Top, Decam, Godbey, Boysen, and Pitschey included in his initial complaint and attachments. *Compare* Docket 1-1 at 2, 8–9, *with* Docket 42 at 1–4. But as the court noted in its screening order, Shaver did not list Top, Decam, Godbey, Boysen, and Pitschey as named defendants in his complaint. Docket 16 at 7 n.3. Because Shaver has previously requested and been granted leave to amend the complaint, *see* Docket 26, Shaver must obtain leave of court to further amend his complaint. Fed. R. Civ. P. 15(a)(2). The District of South Dakota's Civil Local Rules of Practice require that "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion

9

to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1 (effective March 6, 2023).[3] Because Shaver did not comply with Local Rule 15.1, his request to amend his complaint to allege matters that occurred prior to December 4, 2023, when he filed his original complaint, is denied. The Eighth Circuit has "repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint." *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504–05 (8th Cir. 2013) (per curiam).

Shaver mailed a letter to the court and filed a substantial packet of papers discussing a separate attack by an inmate, Sully Donavon, on July 14, 2024. Docket 38 at 1; Docket 42 at 7–10. Neither of these filings are framed as motions. *See* Dockets 38, 42. Even if this court construed these filings as motions to supplement his complaint, Shaver's requests are denied.

Under Federal Rule of Civil Procedure 15(d),

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

---

[3] Local Rule 15.1 was amended effective February 28, 2025, but Shaver's motions to amend and/or to supplement the complaint were filed before amended Local Rule 15.1 became effective. The court cites to the version of Local Rule 15.1 in effect at the time Shaver's motions were filed.

10

Whether to permit a party to supplement its pleading is left to the sound discretion of the trial court. *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960). The standard for determining whether a party may supplement his pleading is the same standard for determining whether a party may amend his pleading. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). "A court does not abuse its discretion in denying a motion for leave to amend when there are 'compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Anderson v. Bank of the W.*, 23 F.4th 1056, 1060 (8th Cir. 2022) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[.]" *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

Shaver has currently named as defendants six identified employees and Unknown Department of Corrections employees. Docket 27 at 1–3. Although Shaver's amended complaint described conduct by other DOC staff, including Kendall, Unit Coordinator Almont, Unit Manager Boudry, Jake Botel, Officer Ramsdell, and Officer Sorenson, *see id.* ¶¶ 14–15, 20–22, 25–26, 28, 31–32, Shaver did not name any of them as defendants. Further, Shaver's letter

11

(Docket 38) and untitled narrative pleading (Docket 42) do not allege how each of the six named defendants personally violated his constitutional rights.

Although Shaver claims that the July 14, 2024 attack occurred because of "the same issue and irresponsibility with DOC[,]" his claim is not definite enough to show deliberate indifference or individual involvement by any named defendant. Docket 38 at 1. Shaver does allege facts, which if true, establish that some DOC employees and officials were or should have been aware, at least generally, that Shaver is at risk of being harmed, abused, or attacked by other inmates. *See generally* Dockets 42, 51. But he does not allege facts, which if true, establish that the named defendants were aware of a specific substantial risk of serious harm posed by Donavon and were deliberately indifferent to that risk. "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm*, 89 F.3d 538, 541–42 (8th Cir. 1996). There is no indication in Shaver's filing that defendants had knowledge of a substantial risk of harm posed by Donavon. Thus, Shaver's request to supplement his complaint is not definite enough to state a claim upon which relief can be granted and is denied without prejudice. Because the deadline for joining additional parties or amending or supplementing the pleadings in this case has expired, *see* Docket 48 ¶ 1, if Shaver chooses to pursue a claim arising out of the July 14, 2024 assault by Donavon, he must file a new lawsuit raising this claim.

Shaver's twenty-seven page narrative seeks to explain "the overall effect and attitude, behavior, responsibility, lack of effort and over all actions of the South Dakota State Penitentiary; Department of Corrections[.]" Docket 42 at 1. His motion to amend sets out conclusory allegations of non-stop problems with staff, unit staff, lieutenants, and sergeants. Docket 51 at 8. According to Shaver, all the staff he has interacted with continue to mess with him, single him out, bully him, threaten him, and ignore him. *Id.* But Shaver does not identify these staff members or provide any facts to support his allegations.[4] Shaver contends that he constantly deals with issues relating to mail, grievances, threats, assaults, and retaliation. *Id.* at 9. He alleges that the prison knows about these issues and tries to blame it on him. *Id.* He asserts that he is constantly placed in hostile situations and does not get any help.

---

[4] Shaver alleges that Officer Boysen threatened him on multiple occasions and bumped into him one time. Docket 51 at 9–10. Shaver also alleges that Boysen has retaliated against him for filing grievances, including handcuffing Shaver so tightly that his "wrists would bruse [sic] and [his] hands would turn blue and purple." *Id.* at 10; *see also* Docket 42 at 3. These allegations may be sufficiently specific to allege a retaliation claim against Boysen, but Boysen is not a defendant and the alleged retaliation claim does not arise out of the same transaction or occurrence as the pending failure-to-protect claim. Thus, to the extent Shaver seeks leave to amend to assert a retaliation claim against Boysen, his motion to amend is denied without prejudice. *See Thorp v. Dist. of Columbia*, 325 F.R.D. 510, 514 (D.D.C. 2018) (denying leave to file a supplemental complaint containing allegations unrelated to the original complaint and implicating new defendants, after noting that granting leave would have unreasonably delayed resolution on the merits and caused additional expense to the current defendants); *Singleton v. Hoester*, 505 F. Supp. 54, 57–58 (E.D. Mo. 1980) (denying motion to file supplemental complaint that relates only indirectly to the original complaint, arises out of an unrelated set of facts, and relates to a new defendant not named in the original complaint). If Shaver chooses to pursue a retaliation claim against Boysen, he must do so in a separate lawsuit.

"The employess [sic], staff, unit staff, guards, will not listen to [him] causing [him] bodily harm." *Id.* at 18. He is trying to "paint a picture of the lack of effort" by the DOC to follow laws and policy. *Id.* at 20. He seeks to add additional parties to his case to help him verify his allegations. *Id.* at 19.

The Eleventh Amendment precludes Shaver from pursuing any claim against the DOC or the SDSP. *Tornquist v. South Dakota*, 4:23-CV-04195-LLP, 2024 WL 3967357, at *3 (D.S.D. Aug. 28, 2024). Further, because vicarious liability is inapplicable to § 1983 suits, Shaver must allege facts, which if true, are sufficient to establish that each individual he seeks to name as a defendant, through the individual's own actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As the court outlined in its 1915A screening, he must specifically:

> (1) identify and name as a Defendant each individual who allegedly violated his constitutional rights; (2) explain how each individual personally violated his constitutional rights; (3) state in what capacity he is suing each Defendant (individual capacity, official capacity, or both); (4) identify his prisoner status at the time of the alleged unconstitutional conduct; (5) state the injury he suffered as a result of each Defendant's alleged unconstitutional conduct; and (6) state what relief he seeks from the Court.

*Gray v. Does*, 2023 WL 7381414, at *2 (E.D. Ark. Oct. 30, 2023). None of Shaver's purportedly proposed amended or supplemental complaints comply with this directive. For these reasons, Shaver's motions to amend and/or supplement the complaint (Dockets 38, 42, 51), are denied.

### III. Motions to Appoint Counsel (Dockets 37, 46, 47, 49)

Shaver moves for appointment of counsel. Shaver's three prior motions to appoint counsel have been denied. Docket 16 at 16–17; Docket 26 at 2–3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). In support of his motion, Shaver alleges that he has a low IQ, which he characterizes as a mental disability. Docket 46 at 1. He states that he has difficulty comprehending and does not fully understand court rules. *Id.* Because of his claimed mental disability, Shaver contends that the Americans with Disabilities Act (ADA) mandates that the court appoint counsel. Docket 47 at 1–2; Docket 49 at 3–4.

"Although [a plaintiff's] mental condition is a factor that may weigh in his favor, it does not of itself require that counsel be appointed." *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005). After considering these factors, the court denies Shaver's motions for appointment of counsel (Docket 37, 46, 47, 49) at this time. Despite his claimed mental limitations, his complaint,

15

amended complaint, discovery requests, and other filings demonstrate that he can adequately present his claims at this time. *See, e.g.*, *Patterson v. Bank of Am., N.A.*, 2023 WL 4560823, at *1 (E.D. Mo. July 17, 2023) (denying motion for appointment of counsel because the plaintiff did not submit information demonstrating how his mental impairment impedes prosecution of the case and his interactions with the court demonstrate that he can adequately articulate his claims).

Because Shaver has not alleged an ADA claim, the court cannot order relief under the ADA. Further, federal courts consistently reject arguments that the court should appoint counsel as an accommodation under the ADA because the applicable provisions of the ADA do not apply to federal courts. *Clay v. A.T. Wall*, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019) (citing cases). Shaver's alternative motions for appointment of counsel as an ADA accommodation (Docket 47 at 1–2; Docket 49 at 3–4) are denied.

**IV.     Motion for Judgment on the Pleadings (Docket 55)**

Shaver moves for judgment on the pleadings. Docket 55. In support of his motion for judgment on the pleadings, Shaver contends that defendants have not responded to interrogatories, requests for production of documents and tangible things, and requests for admissions he served on February 6, 2025. *Id.* at 2. Because of defendants' failure to respond to his discovery requests, Shaver contends he is entitled to a default judgment in his favor for

16

the relief requested in his complaint. *Id.* at 6. Defendants oppose Shaver's motion. Docket 56.

Because Shaver seeks relief based on defendants' alleged failure to respond to discovery, the court construes his motion as a motion for sanctions under Federal Rule of Civil Procedure 37(d). Rule 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include prohibiting a disobedient party from opposing designated claims or a default judgment against the disobedient party. *Id.* at 37(d)(3). "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." *Id.* at 37(d)(1)(B); *see also* D.S.D. Civ. LR 37.1 ("A party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute."). Shaver did not file the required certification of his efforts to obtain the requested discovery without court intervention. Because Shaver did not comply with the meet-and-confer requirement, his motion for sanctions (Docket 55) is denied. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (holding that a district court did not

abuse its discretion in denying a motion to compel when the moving party does not make a good faith effort to resolve the issue without court intervention).

According to defendants' response, Shaver has not served any discovery requests. Docket 56 at 2; Docket 57 ¶¶ 3, 4; Docket 58-1 at 4. Shaver has provided copies of a letter dated February 4, 2025, to defendants' counsel serving interrogatories, requests for production of documents, and request for admissions. Docket 58-1 at 7. The attached discovery requests contain certificates of service declaring under penalty of perjury that the discovery requests were mailed to the court and to defendants' counsel on February 4, 2025. *Id.* at 20, 27, 35. Shaver has demonstrated that the Clerk of Court received the discovery requests he mailed on February 4, 2025. Shaver has provided a copy of a letter he received from the Clerk of Court, dated February 6, 2025, returning the discovery requests he served because the District of South Dakota's local rules provide that discovery materials are not to be filed. *Id.* at 2. It is not clear from the record why defendants' counsel did not receive the discovery requests that were apparently mailed at the same time Shaver mailed the documents to the Clerk of Court. But because Shaver has provided evidence that he timely served interrogatories, requests for production of documents, and requests for admissions on defendants' counsel, defendants must respond to the discovery requests mailed on February 4, 2025 (Docket 58-1 at 12-20, 21–27, 27–35). Defendants' responses must be served no later than **June 12, 2025**.

**V.      Request to Waive Copying Charges (Docket 44)**

Shaver requests a waiver of all costs of "photo copies and medical Records concerning [his] Case[.]" Docket 44. Shaver has requested that defendants produce his DOC medical records as well as other DOC records. Docket 58-1 at 21–27. The court's Scheduling and Case Management Order provides that "defendants shall produce documents requested by plaintiff at defendants' expense unless plaintiff's request for documents is beyond the scope of discovery or an abuse of the discovery rules." Docket 48 ¶ 3. Because the court's prior order already addresses this issue, Shaver's request for waiver of copying charges, Docket 44, is denied as moot.

Thus, it is ORDERED:

1.  That Shaver's motion for court intervention and to the make the court aware of facts, Docket 37, is denied.

2.  That Shaver's motions to amend and/or supplement the complaint, Dockets 38, 42, and 51, are denied.

3.  That Shaver's motions to appoint counsel, Dockets 37, 46, 47, and 49, are denied.

4.  That Shaver's motion for judgment on the pleadings, Docket 55, is denied.

5.  That defendants must serve responses to Shaver's discovery requests, Docket 58-1 at 12–20, 21–27, and 27–35, no later than **June 12, 2025**. If defendants file a dispositive motion on or before June 6, 2025, Shaver's time to file and serve answering materials

and a brief will be extended until **July 11, 2025**, and the deadline to file and serve reply briefs will be extended until **July 25, 2025**.

6. That Shaver's request for waiver of copying charges, Docket 44, is denied as moot.

7. That Shaver's official capacity claims against Teresa Bittinger are dismissed as moot.

Dated May 15, 2025.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE