UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GARY MATTHEW SHAVER,<br><br>Plaintiff,<br><br>vs.<br><br>JASON MILLS, Unit Coordinator at South Dakota State Penitentiary in his individual and official capacities; NYREEN, Unit Manager at South Dakota State Penitentiary in his individual and official capacities; TERESA BITTINGER, Warden at South Dakota State Penitentiary in her individual capacity; KELLIE WASKO, Secretary of correction in her individual and official capacities; BRENT FLUKE, Deputy Secretary of corrections in his individual and official capacities; RICK JOHNSTON, Associate Warden in his individual and official capacities; and UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES,<br><br>Defendants. | 4:23-CV-04204-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

Plaintiff, Gary Matthew Shaver, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. After defendants were served and answered, the court entered a Scheduling Order directing that all motions, other than motions in limine, be filed by June 6, 2025. Docket 48 ¶ 5. Defendants filed a motion for summary judgment, supporting memorandum, and statement of undisputed material facts. Dockets 62, 63, 64. The court granted Shaver's motion to extend

and ordered that he respond to defendants' motion for summary judgment no later than August 11, 2025. Docket 69. Shaver timely responded to defendants' motion for summary judgment (Docket 72). Along with his response to defendants' motion for summary judgment, Shaver filed a motion to compel. Docket 73. Shaver attached a portion of Defendants' Objections and Answers to Plaintiff's Interrogatories and Requests for Production of Documents (First Set), *see* Docket 73-1 at 1–11, and Defendants' Objections and Answers to Plaintiff's Requests for Admissions (First Set), *see id.* at 18–28. Shaver seeks an order compelling defendants to fully respond to the discovery requests. Docket 73. Defendants oppose Shaver's motion to compel because Shaver did not comply with Rule 37(a)(1) and Local Rule 37.1. Docket 75.

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* D.S.D. Civ. LR 37.1 ("A party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute."). Shaver's motion to compel does not contain a certification describing his efforts to obtain more complete discovery responses without court intervention. *See generally* Docket 73. Thus, Shaver's motion to compel, Docket 73, is denied. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (holding that a district court does not abuse its discretion in denying a motion

to compel when the moving party does not make a good faith effort to resolve the issue without court intervention).

Thus, it is ORDERED that Shaver's motion to compel (Docket 73) is denied.

Dated October 22, 2025.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>UNITED STATES DISTRICT JUDGE