UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GARY MATTHEW SHAVER, | 4:23-CV-04204-KES |
| Plaintiff, | |
| vs. | ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO APPOINTMENT OF COUNSEL AND DENYING PLAINTIFF'S REQUEST TO APPOINT OTHER COUNSEL |
| JASON MILLS, Unit Coordinator at South Dakota State Penitentiary in his individual capacity; NICHOLAS NYREEN, Unit Manager at South Dakota State Penitentiary in his individual capacity; and TERESA BITTINGER, former warden at South Dakota State Penitentiary in her individual capacity, | |
| Defendants. | |

Plaintiff, Gary Matthew Shaver, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court granted in part and denied in part defendants' motion for summary judgment. Docket 84. The court granted Shaver's motion for appointment of counsel (Docket 87) and scheduled the remaining claims for trial (Docket 88). Shaver contends that the counsel the court appointed, Mallory Schulte, has a conflict of interest, and requests that the court appoint another attorney to represent him. Docket 90. It also appears that Shaver and Schulte may not agree as to the likelihood that Shaver will prevail at trial or what may be a reasonable settlement to resolve his claims without a trial. *See generally id.*

This is a civil case in which Shaver seeks to recover damages for the alleged violation of his constitutional rights. Although Shaver is a prisoner and was granted leave to proceed in forma pauperis, *see* Docket 16 at 17, he has no constitutional right to effective assistance of counsel. *See Peters v. Mut. of Omaha*, 9 F. App'x 588, 589 (8th Cir. 2001) (per curiam) (stating that plaintiff's "argument that [his] trial counsel was ineffective fails, because a civil litigant has no constitutional right to effective assistance of counsel"); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."). The court would not have appointed Schulte to represent Shaver if the court did not believe that Schulte possesses the experience necessary to adequately represent Shaver. As Shaver notes, Schulte worked as a law clerk for the District of South Dakota. Docket 90 at 2–3. During her two-year tenure as a law clerk for the District of South Dakota from August 2017 to August 2019, Schulte spent a substantial amount of her time working on pro se prisoner civil rights actions brought under 42 U.S.C. § 1983. Many civil trial lawyers in South Dakota do not have experience handling claims brought under 42 U.S.C. § 1983. Additionally, since the conclusion of her clerkship with the District of South Dakota, Schulte has represented other prisoners pursuing § 1983 claims against current and former employees of South Dakota correctional institutions. Based on her experience, Schulte is well qualified to represent Shaver in this case.

It appears that Shaver's objection to Schulte's representation stems, in part, from a disagreement between Shaver and Schulte regarding his likelihood of success and the settlement value of his claims. *See generally* Docket 90. At times, attorneys and their clients may disagree on such matters. In those circumstances, the attorney's obligation is to provide her professional opinion to her client; the decision whether to proceed to trial or to resolve the case without trial rests with the client. Shaver's submissions indicate that Schulte has provided her opinion and is prepared to proceed to trial if Shaver elects to do so. Thus, to the extent Shaver contends that Schulte is not fulfilling her professional obligation because she may not fully agree with Shaver's assessment of his claims, his objection is overruled.

In the District of South Dakota, the magistrate judges are available to assist the parties in settlement negotiations and conduct mediations. A magistrate judge can assist the parties in identifying the strengths and weaknesses of their cases as well as evaluating the potential verdict range if the plaintiff succeeds on the merits of the case. The court does not typically order that the parties participate in mediation. But in many cases, the court directs the parties to contact a magistrate judge to explore the possibility of settlement discussions with the magistrate judge's assistance. The court will do so in this case.

Shaver contends that Schulte has a conflict of interest because she previously clerked for the District of South Dakota. Shaver's objection is overruled. Neither Schulte's previous tenure as a law clerk with the District of

3

South Dakota from August 2017 through August 2019 nor any time that she may have worked as a prosecutor for the State of South Dakota, *see* Docket 90 at 5, gives rise to a conflict of interest under the Rules of Professional Conduct.[1]  Specifically, Shaver argues that Schulte's representation of him violates Rules 1.7 and 1.11 of the South Dakota Rules of Professional Conduct. Docket 90 at 3, 4. Rule 1.7 has no application here as Shaver offers only speculation that Schulte's work as a law clerk for the District of South Dakota seven years ago poses a "significant risk" that her representation of him will be limited. Docket 90 at 3–5; SD Rules of Professional Conduct, SDCL Ch. 16-18, Appendix, Rule 1.17. Schulte has no ongoing obligations to the District of South or the undersigned, and her previous clerkship is not a personal interest that triggers Rule 1.7(a)(2). Rule 1.11 is likewise not applicable. This case was not commenced until years after Schulte's clerkship concluded and is not "a matter in which [Schulte] participated personally and substantially" as an employee of the District of South Dakota. *See* SD Rules of Professional Conduct, SDCL Ch. 16-18, Appendix, Rule 1.11(a)(2).

---

[1] The District of South Dakota Local Civil Rules of Practice provide:
> An attorney who is a former law clerk to a judge of this Court is prohibited from acting as counsel of record in a case assigned to that judge or otherwise appearing before that judge (a) at any time in any case that was assigned to that judge during the former clerk's tenure with the judge, and (b) in any case for a period of one year following the termination of the law clerk's service.

D.S.D. Civ. LR 83.12. Shaver commenced this case on December 4, 2023, *see* Docket 1, more than four years after the end of Schulte's clerkship. Thus, D.S.D. Civ. LR 83.12 permits Schulte to represent Shaver.

4

Shaver seems to argue that a district court judge cannot preside over any case in which the judge's former law clerk appears as counsel, but that is not the law. There is no per se prohibition precluding a district judge from presiding over a case in which the judge's former law clerk acts as counsel. *See, e.g., Brown v. Brock*, 169 F. App'x 579, 583 (11th Cir. 2006) (per curiam) (citing *Fredonia Broad. Corp. v. RCA Corp.*, 569 F.2d 251, 256 (5th Cir. 1978)). But the Eighth Circuit has "endorse[d] the principle that a certain insulation period should pass before a judge sits on a case in which his or her former law clerk acts as counsel." *United States v. Hollister*, 746 F.2d 420, 425 (8th Cir. 1984). Local Rule 83.12 provides for an appropriate one-year insulation period, D.S.D. Civ. LR 83.12, that expired in this case more than six years before Schulte's appointment.

Finally, before appointing Schulte to represent Shaver, the court provided Schulte with the identities of the parties and other pertinent information so that Schulte could check for conflicts of interest and determine that there was no reason, under the Rules of Professional Conduct or otherwise, that she could not represent Shaver. The court confirmed that Schulte's schedule and caseload did not preclude her from representing Shaver and coordinated the trial dates and pretrial conference with both parties' counsel.

Thus, it is ORDERED:

1.     That Shaver's objections to the appointment of Schulte (Docket 90) are overruled. The court declines to appoint another attorney to represent Shaver.

2.     That if Shaver no longer wants Schulte to represent him, he may notify the court. The court will enter an order terminating the representation, but the court will not appoint another attorney. Shaver may proceed without counsel or may retain other counsel on his own.

3.     That counsel for the parties will contact Magistrate Judge Veronica L. Duffy so that the possibility of settlement discussions with the assistance of a magistrate judge can be considered.

Dated April 14, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6